■ In the Matter of CLAUDIA HENSCHKE, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [671 NYS2d 740] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 26, 1997, which denied petitioner landlord's application pursuant to CPLR article 78 to annul respondent Division of Housing and Community Renewal's denial of a major capital improvement (MCI) rent increase, unanimously affirmed, without costs.

Upon applying for a major capital improvement rent increase based on a new plumbing system, the landlord was instructed by the Rent Administrator to submit a "B-Form 505", which is a certification by the Department of Buildings (DOB) that plumbing work was completed in accordance with the approved application and applicable laws. The landlord submitted other DOB forms, namely, two "Plumber's Affidavits" (B-Form 9) and a "Plumbing Mechanical Equipment Application" (B-Form 8), whereupon the Rent Administrator denied the application because "Owner failed to submit approved B-Form 505". The landlord then re-sent the same incorrect forms she had previously submitted, apparently still under the misapprehension that these were B-Form 505s, and requested reconsideration and revocation of the prior order, which the Rent Administrator denied for failure to demonstrate fraud, illegality or irregularity in a vital matter in the prior order (9 NYCRR 2207.8 [a]). This elicited a letter from the landlord that B-Form 505 was not a required document at the time the subject work was completed, to which the Rent Administrator responded with a request for a confirmatory statement from DOB or other authority. Nine months later, and almost two years after the initial order denying the MCI increase, the landlord "finally located" the B-Form 505 and submitted it to the Rent Administrator, who then vacated his initial order and granted the MCI increase. Petitions for administrative review filed by tenants were granted on the ground that the landlord had ample opportunity to obtain the B-Form 505 when first requested, and that the Rent Administrator's original order was not otherwise the result of an irregularity. That determination has a rational basis in the record, and accordingly the landlord's article 78 application was properly denied. We have considered the

landlord's argument that the Rent Administrator's failure to provide legal authority or other explanation for requiring a B-Form 505 was an irregularity as to a vital matter, and find it, and petitioner's other arguments, to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.